NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY FERRAIOLI, ALDRIN LAMBOY and DAWN FRAY, | Civil Action No. 09-2663 (SRC) |
| Plaintiffs, | **OPINION** |
| v. | |
| CITY OF HACKENSACK POLICE DEPARTMENT, et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Plaintiffs Anthony Ferraioli and Aldrin Lamboy ("Plaintiffs") for reconsideration of the Court's order of June 18, 2009, denying Plaintiffs' motion for a preliminary injunction [docket entry 8].[1] Defendants City of Hackensack Police Department ("HPD"), Chief of Police Charles Ken Zisa, Captain John Carroll and Sergeant Anthony Trezza (collectively, "Defendants") have opposed this motion. The Court has considered the papers filed by the parties. It rules on this motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Plaintiffs' motion for reconsideration will be denied.

This workplace retaliation and civil rights action arises out of Defendants' alleged retaliatory conduct against Plaintiffs Ferraioli and Lamboy, who are police officers employed by

---

[1] Plaintiff Dawn Fray was not a party to the case at the time the underlying preliminary injunction order was issued.

the HPD, for their support of a particular candidate in a Patrolmen's Benevolent Association election.  Plaintiffs filed their Complaint on June 2, 2009.  On June 12, 2009 they moved, by application for an order to show cause, for a preliminary injunction with temporary restraints, seeking an order directing Defendants to return a computer belonging to Dawn Fray, the girlfriend of Plaintiff Ferraioli, and seized by Defendants on June 11, 2009 from Ferraioli's home.  The computer was seized in connection with an HPD internal affairs investigation of Ferraioli concerning the suspicion that Ferraioli was engaged in identity theft and, specifically, that he was blogging on the NJ.com website using the name of one of the HPD's internal affairs investigation officers.  Following the parties' briefing on the preliminary injunction motion, the Court held oral argument as well as an evidentiary hearing in connection with the motion on June 15, 2009.  Issuing its Opinion on the record of those proceedings, the Court denied Plaintiffs' motion.  An order memorializing that ruling was entered on the docket on June 18, 2009.  Plaintiffs now move for reconsideration of that Order.

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001). Third Circuit jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact or prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir

1995)). The movant bears a heavy burden of demonstrating that reconsideration is warranted. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994). Indeed, it is well-settled that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)). Reconsideration is an extraordinary remedy, which should be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

In this case, Plaintiffs have failed to carry their burden of demonstrating that reconsideration of the order denying their requested preliminary injunction is warranted. The standard for granting a preliminary injunction bears repeating. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 129 S. Ct. 365, 374 (2008).

In their motion for a preliminary injunction, as well as on the instant motion, Plaintiffs argue that Defendants' search and seizure of the computer taken from Ferraioli's home violated his Fourth Amendment rights as well as the New Jersey Attorney General's Guidelines pertaining to internal affairs investigations. They attack the search and seizure on the basis that Defendants lacked a warrant and "meaningful and written consent." (Pl. Br. at 11.) After considering the very same argument presented on this motion for reconsideration, the Court denied Plaintiffs' motion for a preliminary injunction based on their failure to demonstrate either a reasonable

likelihood of success on the merits or irreparable harm.  Plaintiffs point to no evidence or law overlooked by the Court in making that determination.

As to likelihood of success on the merits, the Court reasoned that Plaintiffs could not establish this prong simply by virtue of the Complaint's lack of claims for any violation of Plaintiffs' rights relating to the search and seizure of the computer.  Indeed, the only nexus between this lawsuit and the preliminary injunction application seeking a return of the seized computer was Plaintiffs' concern that computer files covered by the attorney-client privilege could be used by Defendants in this lawsuit and, relatedly, that Defendants had seized the computer in an effort to circumvent the usual discovery procedures in a civil lawsuit.  The Court addressed these concerns in its evaluation of the irreparable harm prong of the preliminary injunction standard, which is further discussed below.  The Court notes that the Complaint was amended on June 30, 2009 to add claims and allegations relating to the internal affairs investigation, including the computer search and seizure.  Plaintiffs' decision to expand their claims after the preliminary injunction order issued does not, however, transform the Court's analysis on the preliminary injunction motion into one which failed to take a controlling decision of law or dispositive factual matter into account.  It remains that without any claims before the Court seeking redress Defendants' alleged violation of Ferraioli's rights in connection with the seizure of the computer, Plaintiffs necessarily could not demonstrate likelihood of success on the merits of non-existent claims.

Despite noting on the record this obvious deficiency in the preliminary injunction application, the Court nevertheless entertained Plaintiffs' argument that they would be likely to succeed on the merits of a claim for a constitutional violation under the Fourth Amendment for

illegal search and seizure. The principal issue in this regard was whether Plaintiffs could make a prima facie demonstration of the invalidity of the search for lack of consent by Ferraioli. The Court took evidence during the hearing, including Ferraioli's testimony, regarding the validity of the search and seizure and specifically the issue of consent. Ferraioli testified that he was informed of the internal affairs investigation and ordered by Captain Garcia, his superior on the Hackensack police force, to turn over the computer in connection with the investigation or else face administrative charges and possibly termination. Ferraioli further testified that though reluctant and "uncomfortable," he complied with orders and accompanied police officers from the HPD to his house, opened the door of the house for them, directed them to the computer and permitted them to remove it from his house. (6/15/09 Tr. at 14-21.) The Court could not, on this record, conclude, as Plaintiffs urged in their papers and at oral argument, that the Defendants broke into Ferraioli's home to take the computer and/or that the computer was taken by Defendants without Ferraioli's consent. While the Court was not then nor is now in any position to reach a conclusion about whether the search and seizure complied with the Fourth Amendment, that was not the question before the Court on the preliminary injunction application. Rather, the Court had to determine whether Plaintiffs had demonstrated that they were likely to prevail on a claim to remedy this alleged Fourth Amendment violation. Plaintiffs failed to carry their burden in this regard. They also failed to demonstrate a likelihood of success on their alternate theory that Plaintiffs' rights were violated based on Defendants' failure to abide by the Attorney General's Guidelines for conducting searches in an administrative investigation. Though the Court did not express its analysis of that argument when it issued its oral opinion denying the preliminary injunction, the argument is unavailing. Plaintiffs have cited no legal

authority supporting their contention that a failure to follow administrative procedures in connection with an internal investigation gives rise to any cause of action by Plaintiffs, much less one for a violation of constitutional rights.  While Plaintiffs may disagree with the Court's analysis, disagreement is not a proper basis for granting reconsideration.

Moreover, as to irreparable harm, Plaintiffs repeat that the seized computer contains material which is protected by the attorney-client privilege and/or which is very private in nature.  They argue that Defendants' continued retention and search of the computer gives rise to the threat that they may use the privileged and/or sensitive information improperly.  Plaintiffs also argue that Defendants have used the internal affairs search and seizure to circumvent the discovery procedures of a civil suit and that there is a threat that they will access and use material that would have otherwise been shielded from discovery.  The Court expressly rejected Plaintiffs' complained-of injury as insufficient to meet the irreparable harm requirement.  A plaintiff seeking preliminary injunctive relief must show that irreparable harm is *likely*.  Winter, 129 S.Ct. at 375.  To show irreparable harm, a plaintiff "must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  After considering Plaintiffs' argument on the preliminary injunction motion, the Court found that various remedies other than injunctive relief could remedy the harm they complained of.  If in fact Defendants ultimately make improper use of the material found on the computer, Plaintiffs can apply to the Court for any number of adequate protections.  As the Court noted on the record, if used improperly in this lawsuit, Plaintiffs can apply to this Court for discovery-related sanctions, including, for example, striking Defendants'

Answer, as provided by Federal Rule of Civil Procedure 37.  If criminal or administrative charges stem from material improperly obtained, those charges can be challenged as defective in the forum in which the charges are brought.  In short, Plaintiffs did not demonstrate that they would suffer harm that could not be remedied other than to grant the injunctive relief sought, that is, the immediate return of the computer.  Indeed, apart from Plaintiffs' failure to show irreparable harm, the relief they sought on preliminary injunction was not tailored to ameliorate the complained-of harm.  Plaintiffs did not suggest then, nor do they now, any relief specifically designed to protect attorney-client material, such as the appointment of a special master or magistrate judge to consider allegedly privileged material *in camera*.  The only relief they sought as an alternative to the immediate return of the computer to Ferraioli was to order the computer be turned over to Plaintiffs' attorney.  Plaintiffs have not, on this motion for reconsideration, demonstrated that the Court's analysis and conclusion with regard to irreparable harm was based on a clear error of law or fact.

      For the foregoing reasons, the Court will deny Plaintiffs' motion for reconsideration.  An appropriate form of Order will be filed with this Opinion.

   s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: July 29, 2009